Argued 13 September; decided 8 October, 1900.

## HENRY v. YAMHILL COUNTY.

[62 Pac. 375.]

SALARIES AND APPOINTMENT OF DEPUTY SHERIFFS—SHERIFFS.

1. The sheriffs of the several counties have under the act of 1895 (Laws, 1895, p. 77, §§ 4 and 5), power respectively to appoint the number of deputies provided for in that act, who shall be respectively entitled to the salaries there named, but other deputies must be appointed and their compensation fixed by the county courts under section 11 of said act.

CLAIM FOR SALARY IS A PERSONAL RIGHT.

2. The claim of a deputy sheriff for the salary allowed him by law is a personal right, to be enforced in his own name, and not by his superior, unless the claim has been assigned.

From Yamhill : GEO. H. BURNETT, Judge.

Action by J. W. Henry to recover from Yamhill County the amount of his deputy's salary, in which a demurrer to the complaint was sustained.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John J. Spencer.*

For respondent there was a brief over the names of *Samuel L. Hayden*, District Attorney, and *James McCain*, with an oral argument by *Mr. McCain* and *Mr. John H. McNary.*

MR. JUSTICE WOLVERTON delivered the opinion.

J. W. Henry, while acting as Sheriff of Yamhill County,
Oregon, brought this action to recover the salary of his
deputy, and, a demurrer to his complaint having been
sustained, judgment was rendered against him, dis-
missing the action, from which he appeals.   The con-
troversy involves a construction of the amendatory act
of February 25, 1895 (Laws, 1895, p. 77), regulating the
compensation and mode of payment of sheriffs and other
county officers.   Section 4 provides that "the sheriffs of
the several counties in this state shall receive an an-
nual salary, as follows:   Baker, $2,000;   Baker (first
deputy), $1,200;   Baker (second deputy), $900;   Benton,
$2,000;   *   *   *   Yamhill, $2,000;   Yamhill (deputy),
$600.   *   *   *   The Sheriff of Multnomah County may
appoint as many deputies as the county court of said
county shall by order authorize, one of which deputies
shall be paid at the rate of $1,800 per year, and the others
at such rate as said county court shall by order direct,
not exceeding $1,200 per year."   Section 5 provides that
"the salaries herein provided for in favor of the said
county clerks   *   *   *   and sheriffs, shall be audited
and paid by the several counties to the respective parties
entitled thereto, in monthly payments, and in the same
manner that other county charges are paid, and no one
of such officials shall be entitled to receive any fees or
other compensation for his services than as above pro-
vided and except as hereinafter provided."   And section
11, that "whenever any county clerk, recorder of convey-
ances, clerk of the circuit court or county court herein
referred to, or sheriff, appoints a deputy, it shall be the
duty of such official to report the same to the county court
of his county, which court shall enter in its minutes the
said report, and if the said court is of the opinion that

the services or any part thereof of such deputy should be paid by the county it shall fix the amount thereof to be paid by the county by an order, duly entered, specifying the same, which amount shall be so paid by the county in the same manner as other county charges are paid, as before mentioned." Section 993, Hill's Ann. Laws, empowers the sheriff to appoint a deputy, and requires him to file a certified copy of the appointment with the county clerk, and that the appointee shall, before entering upon the duties of his office, take and file an oath of office with such clerk. This section should not be lost sight of in construing the statute under discussion. It is a cardinal rule of interpretation that a statute should be so construed as to give effect to every clause, or part thereof, if possible, and to reject none unless it is clearly repugnant to some declaration which, by reason of its unmistakable intendment or later utterance, should be preferred as indicative of the legislative will. In the language of Section 694, Hill's Ann. Laws, our province "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted ; and, where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

1. The statute under consideration provides annual salaries for the sheriffs of the several counties, concerning which the legislative intendment is plain. Deputies are also provided for in some of the counties. Baker and Union are given a first and second deputy ; others are given "one deputy," and still others, as in Yamhill, have the designation "deputy" set opposite, followed by a specified sum, while, as it respects Marion County, the term "deputies" is employed. It is quite natural to suppose that the term "sheriffs" is used in section 4 in a generic sense, thus including the sheriffs and their

deputies, and that the intendment was to fix the compensation of both. The idea is strengthened by the fact that section 1 provides for the salaries of county clerks, and section 3 for recorders of conveyances, in identical language, accompanied by a list of counties, with similar designation of deputies and specific sums set opposite. Section 2 provides for the salaries which the clerks of the circuit and county courts and their deputies are to receive in the counties of the state where such offices exist, separate and apart from the office of county clerk, and the latter clauses of sections 3 and 4 provide specifically for the compensation of the recorder and sheriff and one deputy for each county, while additional deputies are to be paid at such rates as the county court may direct, not exceeding $1,200 per annum. Section 5 provides for the auditing and payment of the salaries of county officers, who are therein also designated by the generic term, which must be held to include deputies, else there is no provision for the payment of such deputies in counties where there exist the separate offices of clerk of the circuit and county courts, or in Multnomah County. We take it, therefore, that section 4, construed in connection with section 993, Hill's Ann. Laws, gives ample authority to the sheriff to appoint such deputies as are designated in the list, and that section 5 provides for their payment by the county at the rate named in said list. Is the language of section 11 so repugnant to this idea as to deprive such deputies of compensation, except such as shall be fixed by the county court? The phraseology of the first clause is very broad and sufficiently comprehensive to include within its purview all deputies appointed by the officers named ; but the latter clause having directed that the amount so fixed "shall be so paid by the county in the same manner as other county charges are paid, as before mentioned," would

seem to indicate that it was not intended to include such charges as are theretofore provided for, and this we believe to be the purpose of the latter section. Such charges, therefore, as are previously provided for do not fall within its purview ; in other words, section 11 has reference solely to the deputies appointed by their principals, other than those expressly authorized by sections 1 to 4, inclusive. It appears to us that this is the only reasonable solution of the problem presented, and that it is in entire consonance with the intendment of the legislature.

2. The sheriffs, however, are not entitled to recover the salaries of their deputies. Such demands are personal, and should be made in the name of the deputies themselves, unless duly assigned. In this particular the complaint fails to state a cause of action, and the demurrer thereto was properly sustained.    AFFIRMED.